1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DARRYL ROBINSON,

           Plaintiff,

    v.

DR. CHEN HO, et al.,

           Defendants.

CASE NO. 1:15-cv-01186-MJS (PC)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**(ECF No. 1)**

**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS**

      Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge Jurisdiction. (ECF Nos. 5 & 6.) No other parties have appeared in the action. Plaintiff's complaint (ECF No. 1) is before the court for screening.

**I.    SCREENING REQUIREMENT**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.    PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arose at California City Correctional Facility, where he is currently incarcerated. He names as defendants Drs. Chen Ho and Marvin Ross, both physicians at California City.

Plaintiff has a history of lower back pain and degenerative disc disease. In March 2014, Defendant Ross granted Plaintiff's first-level health care appeal requesting a lower bunk chrono. (ECF No. 1, at 7.) The appeal was subsequently denied, however, and over the summer, Plaintiff fell off the top bunk twice: first on June 20, 2014 and then again on August 11, 2014.

After the June 20 fall, Plaintiff "was taken to medical," and records Plaintiff included with his complaint indicate that he was given an ice pack and ibuprofen on that day. (ECF No. 1, at 18.)  Plaintiff alleges that despite suffering hearing loss from the fall and requesting to see a doctor, however, he did not receive further medical care until a July 16, 2014, appointment with Defendant Ho.

After the August 11 fall, Plaintiff was taken to the "ear doctor" on August 18, 2014 and was told he was "ADA." Medical records accompanying the complaint indicate that Plaintiff complained of head, neck, back, and arm pain after the fall, and suffered a two-inch hematoma to the back of his head. He was X-Rayed and received a prescription for acetaminophen.  (ECF No. 1, at 19-20.)

Plaintiff asked Defendant Ho to issue a lower bunk chrono, and Ho told him that his lower back pain did not warrant a chrono change.  Plaintiff then submitted a health care appeal requesting a lower tier/lower bunk chrono; the request was denied at all levels following an interview with Defendant Ross. (ECF No. 1, at 11.)

3

Plaintiff alleges that Defendants Ho and Ross violated his Eighth Amendment rights by delaying medical care and refusing to issue a lower bunk chrono, and that Defendant Ross violated his Fourteenth Amendment due process rights by granting one and denying another request for a chrono change.  Plaintiff requests monetary relief.

## IV.   ANALYSIS

### A.  Eighth Amendment Medical Indifference

The Eighth Amendment of the United States Constitution entitles prisoners to medical care, and a prison official violates the Amendment when he acts with deliberate indifference to an inmate's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta, 744 F.3d at 1081 (citing Jett, 439 F.3d at 1096). Examples of a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

A prison official shows deliberate indifference to such a need if he "knows of and disregards an excessive risk to inmate health." Peralta, 744 F.3d at 1082 (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "requires more than ordinary lack of due care." Colwell, 763 F.3d at 1066 (citing Farmer, 511 U.S. at 835).  Instead, the prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Colwell,

4

763 F.3d at 1066.  Prison officials may demonstrate deliberate indifference when they "deny, delay, or intentionally interfere with medical treatment," and prison doctors can be deliberately indifferent in their provision of care. Id.

A prison official provides unconstitutional care where he or she ignores a previous treating physician's instructions, knows that a course of treatment is ineffective but continues it anyway, or delays necessary treatment without justification. See Jett v. Penner, 439 F.3d 1091, 1097-1098 (9th Cir. 2006); Estate of Prasad ex rel. Prasad v. Cty. of Sutter, 958 F.Supp.2d 1101, 1112-1113 (E.D. Cal. 2013).  Purposefulness may be inferred where a prison official is aware of the extent of the inmate's pain but declines to do anything to improve the inmate's situation. See Jett, 439 F. 3d at 1098.  An inmate's harm need not be substantial, Id., at 1096 (citing McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992)), and even brief periods of unnecessary pain may be unconstitutional. See Clement v. Gomez, 298 F.3d 898, 904-905 (9th Cir. 2002).

Negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, however, do not violate the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v. Busi, 566 F.Supp.2d 1172, 1191-1192 (E.D. Cal. 2008); see also Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014)(distinguishing plaintiff's long-uncorrected cataracts from "a case of ordinary medical mistake or negligence" and finding defendants deliberately indifferent).  Even a showing of medical malpractice or gross negligence is insufficient to establish a constitutional violation.  Simmons v. Navajo Cnty., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  Rather, "the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants

5

'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" Snow
v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012)(*overruled on other grounds by* Peralta,
744 F.3d at 1083)(quoting Jackson, 90 F.3d at 332).

### 1. Serious Medical Need

Plaintiff has sufficiently alleged that he had serious medical needs after both his
June 20, 2014 and August 11, 2014 falls from his bunk bed.  He states he suffered
hearing loss after the June 20, 2014 fall, and neck and back pain, as well as a
hematoma, after his August 11, 2014 fall.

### 2. Deliberate Indifference

Plaintiff has failed to show that either Defendant Ho or Defendant Ross acted with
deliberate indifference.

#### a. Delay in Treatment Following June 20, 2014 Fall

Plaintiff alleges that after receiving an icepack and ibuprofen on the day of his fall
from the bunk, he received no medical care until July 16, 2014.  Although a delay in care
may give rise to an Eighth Amendment violation, see, e.g., Colwell, 763 F.3d at 1066,
Plaintiff has pleaded no facts to indicate that either Defendant Ho or Defendant Ross
was aware of, much less responsible for, the month-long gap in treatment.  He has
alleged no facts which might be said to suggest deliberate indifference or conscious
disregard on the part of either Defendant. Without such facts, Plaintiff cannot state a
deliberate indifference claim against them.  If Plaintiff chooses to amend this claim, he
must either explain what Defendants personally did or failed to do to delay his treatment,
or he must name any other individuals he holds responsible for the delay.  The Court will
explain the § 1983 linkage requirement in Section C, below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

b. Failure to Issue Lower Bunk Chrono Following August 11, 2014

Fall

Plaintiff's allegations that Defendants Ho and Ross denied his requests for a lower bunk chrono following his August 11 fall amount to, at most, a difference in medical opinion, which is not actionable as an Eighth Amendment violation. See Jackson, 90 F.3d at 332. There is nothing before the Court to suggest that the failure to issue him a lower bunk chrono was medically unacceptable under the circumstances or evidenced Defendants' disregard for an excessive risk to Plaintiff's health. See, e.g., Snow, 681 F.3d at 988. Without evidence of medical unacceptability or excessive health risk, Plaintiff fails to state an Eighth Amendment claim on the basis of the failure to issue a lower bunk chrono.

c. Conclusion

The Court will dismiss Plaintiff's Eighth Amendment claims against Ho and Ross, without prejudice to Plaintiff amending if he can cure the deficiencies outlined above with additional true facts.

**B. Fourteenth Amendment Due Process**

Prison staff actions in responding to administrative appeals alone cannot give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982)). A prisoner does not have a claim of entitlement to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff may not state a due process claim arising solely from allegedly improper

7

processing and denial of administrative grievances.  More specifically, a prison official's initial decision to grant an appeal on a particular issue does not obligate him to grant entirely separate subsequent appeals just because they concern the same issues.  In other words, Defendant Ross's March 2014 decision to grant Plaintiff's request for a lower bunk chrono did not give Plaintiff a permanent or continuing right to hold that chrono, especially when it appears that the March appeal was denied at later levels. Therefore, the Court will dismiss Plaintiff's Fourteenth Amendment claim with prejudice. Leave to amend this claim would be futile and will be denied.

### C. Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft, 556 U.S. at 676-77; Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

**V.    CONCLUSION & ORDER**

Plaintiff's complaint does not state a claim for relief under the Eighth or Fourteenth Amendments.

The Court will grant Plaintiff one opportunity to file an amended complaint alleging facts that would bring it within the pleading standards outlined above.  See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaint).

An amended complaint supersedes the prior complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted;

2.    Plaintiff's Eighth Amendment claims against Defendants Ho and Ross are DISMISSED WITHOUT PREJUDICE;

3.    Plaintiff's Fourteenth Amendment claim against Defendant Ross is DISMISSED WITH PREJUDICE;

4.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed July 30, 2015;

5.    Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

6.    If Plaintiff fails to comply with this order, the Court will dismiss this action,

9

1    without prejudice, for failure to obey a court order.

2

3    IT IS SO ORDERED.

4

5    Dated:    September 10, 2015              /s/ *Michael J. Seng*

6                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    10